UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SABRINA L. REIGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-00022-RLY-MJD |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Sabrina Reiger requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), & 1382c(a)(3). For the reasons set forth below, the Magistrate Judge recommends that the decision of the Commissioner be **REVERSED AND REMANDED**.

## I.  Procedural History

Reiger filed an application for SSI on October 21, 2009 and an application for DIB on December 11, 2009, alleging an onset of disability of May 1, 2005. Reiger's applications were denied initially and on reconsideration. Reiger requested a hearing which was held November 29, 2011 before Administrative Law Judge Ronald T. Jordan ("ALJ"). The ALJ denied Reiger's applications on January 13, 2012. The Appeals Council denied Reiger's request for review on

November 9, 2012, making the ALJ's decision the final decision for purposes of judicial review. Reiger filed her Complaint on January 7, 2013.

## II. Factual Background

Sarah Reiger was 43 years old on the alleged onset date of disability. She had past relevant work experience as a cashier and cash account clerk. Reiger alleges disability based on obesity, diabetes, arthritis and depression.

Reiger's physical impairments and the ALJ's findings with regard thereto are not in dispute. Reiger is obese, weighing at more than 300 pounds, suffering from Type II Diabetes, and has arthritis in her knees. However, as more fully explained below, Reiger disputes the ALJ's findings regarding the severity of her depression and the impact it may have on her other impairments.

Reiger had been seeing her primary care physician Dr. Ackermann since April 2004 for her alleged impairments. Dr. Ackermann diagnosed Reiger with depression along with the other physical impairments listed above. Dr. Ackermann treated Reiger for depression through the time of the hearing.

Reiger also sought treatment for depression from psychiatrist Dr. Holt beginning December 2010. Dr. Holt diagnosed Reiger with Major Depressive Disorder and prescribed medication to treat it. In March 2011, Reiger reported that the medication was helping her to become more active.

However, Reiger did not always take her medication. In February 2010, Reiger reported to Dr. Ackermann that she had been off her medication for a year, but she was going to restart them. The same was reported in January 2011 when Reiger had reported that she had been off her medication for several months but restarted them in November 2010. In March 2011, Dr.

Ackermann concluded that Reiger's severe depression was complicating her diabetes management. While Reiger was taking some of her medication, she was still not compliant in taking her evening medications.

At the request of the Disability Determination Bureau ("state agency"), Reiger received a consultative examination from Brandon Robbins, Psy.D., HSPP in April 2010. Dr. Robbins diagnosed Reiger with Major Depressive Disorder, but found that it was not debilitating. He also found that Reiger did not have any impairment in understanding and memory, concentration, or social interaction.

Also in April 2010, state agency psychologist J. Gange, Ph.D. reviewed the record and determined that Reiger had Major Depressive Disorder, but it was not severe. Dr. Gange noted that Reiger had mild to no functional limitations with regard to her mental impairment. This assessment was affirmed in November 2010.

### III.     **Applicable Standard**

To be eligible for DIB, a claimant must have a disability under 42 U.S.C. § 423. Disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is

not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by the court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV. The ALJ's Decision

Applying the five-step analysis, the ALJ found at step one that Reiger had not engaged in substantial gainful activity since May 1, 2005, the alleged onset date. At step two, the ALJ found that Reiger had the following severe impairments: diabetes, right knee arthritis, and obesity. The ALJ also determined that Reiger has a medically determinable mental impairment of depression, however, he found this impairment to be non-severe.

At step three, the ALJ determined that Reiger did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next, the ALJ found the Reiger had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) with the following limitations: Reiger can only lift/carry/push/pull ten pounds occasionally and five pounds frequently; stand and walk two hours in an eight-hour work day and sit up to eight hours with the opportunity to stand at the work station up to five minutes each hour at her discretion; occasionally balance, stoop, kneel, crouch, crawl, and climb stairs/ramps; and Reiger can never climb ladders/scaffolds/ropes or work around hazards such as unprotected heights or unguarded, dangerous moving machinery.

At step four, the ALJ determined that Reiger was able to perform her past relevant work. Therefore, the ALJ determined that Reiger was not disabled.

## V. Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's decision that Reiger was not disabled. *Dixon*, 270 F.3d at 1176. Reiger raises four arguments on review: 1) substantial evidence does not support the ALJ's decision that Reiger

was not disabled at step three; 2) the ALJ erred by failing to obtain an updated medical opinion regarding whether Reiger's impairments equaled a listed impairment; 3) the ALJ's credibility determination is patently erroneous because it is contrary to Social Security Ruling ("SSR") 96-7p; and 4) substantial evidence does not support the ALJ's step four determination that Reiger was not disabled.

Arguments one and two both pertain to the ALJ's step three analysis and neither argument has any merit with regard to the ALJ's step three analysis. However, embedded within Reiger's step three arguments is an assertion that the ALJ did not consider Reiger's non-severe impairment of depression in relation to her other impairments in the RFC. While the remainder of Reiger's arguments are without merit, review of the record indicates that Reiger's attorney may have stumbled upon a meritorious argument.

"When determining a claimant's RFC, the ALJ must consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment. . . . A failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419 (7th Cir. 2010). Here, the ALJ determined that Reiger had the medically determinable impairment of depression, but determined that it was not severe. [R. at 2.] Although the ALJ discussed why the impairment was not severe, he did not discuss whether Reiger's depression affected her other impairments in relation to the RFC. The ALJ stated that he considered Reiger's combination of diabetes and obesity as well as the combination of diabetes and arthritis, but does not appear to consider her depression in relation to these impairments. In discussing Reiger's depression in the RFC assessment, the ALJ states "[a]lthough the claimant alleges she has experienced depression most of her life, she worked for many years despite this alleged depression. Lack of symptoms may just as easily be the cause of

6

noncompliance. Moreover, she is able to shed her apathy sufficiently to pursue social security disability benefits." [R. at 20.]

The Court is disturbed by the conclusions articulated by the ALJ. First, the ALJ inexplicably refers to her depression as "alleged." There is no doubt that Reiger has depression as not only did the ALJ find that it was a medically determinable impairment, [R.at 14], but she was diagnosed by multiple doctors including her treating physician, her treating psychiatrist and the consultative examiner. [R. at 158, 161, 276, 290.] The ALJ's chosen language suggests that the ALJ did not believe Reiger had depression at all, despite his own determination that she did. What is particularly disturbing is the ALJ's conclusion that Reiger is "able to shed her apathy sufficiently to pursue social security disability benefits." [R. at 20.] Is the Court to believe that anyone who pursues social security disability benefits based on depression does not in fact have this impairment? To use this fact against her calls into question the ALJ's credibility determination.[1]

The ALJ further attempted to discredit Reiger's credibility by noting that, based on Reiger's testimony, she intermittently stopped taking all of her medications. [R. at 20, 316.] The ALJ found her testimony unpersuasive. [R. at 20.] However, the ALJ did not discuss any of the medical evidence that corroborates her testimony. [R. at 158, 286, 290.] Reiger's primary care physician Dr. Ackermann specifically noted that Reiger's severe depression was complicating her management of diabetes. [R. at 290.] If Reiger's depression is interfering with her ability to take medication for her other severe impairments, it could exacerbate her pain and reduce her functional limitations. The ALJ failed to reconcile these inconsistencies within the RFC and thus failed to build an accurate and logical bridge from the evidence to the conclusion.

---

[1] The Court notes that Reiger's attorney only generally asserted that the ALJ's credibility was patently erroneous, but failed to make any specific allegations and inserted boilerplate language typically found in counsel's briefs.

Reiger also argues that the ALJ erred at step four by relying on the vocational expert. The ALJ limited Reiger to sedentary work, [R. at 17], however, according to Reiger, the vocational expert ("VE") described her past work as a cashier and cash account clerk at light and medium levels. Review of the record reveals that the VE testified that the cash account clerk, 211.362-010 of the Dictionary of Titles ("DOT."), was typically performed at the sedentary level. [R. at 331.] However, the VE also testified that the DOT for cashier is 211.462-010 and is a light, unskilled job. [*Id.*] The ALJ determined that Reiger could perform both jobs. [R. at 20.] While the ALJ explained that the cash account clerk was typically sedentary, he failed to reconcile the inconsistency that the cashier position is performed at a higher exertional level than Reiger could perform. Therefore, substantial evidence does not support the ALJ's conclusion that Reiger could perform her past relevant work as a cashier.

## VI.     Conclusion

For the reasons set forth above, substantial evidence does not support the ALJ's conclusion that Reiger was not disabled. The Magistrate Judge recommends that the Commissioner's decision be **REVERSED AND REMANDED**. On remand, the Court orders that this case be reassigned to a new ALJ due to the concerns addressed herein. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 06/17/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov