UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SABRINA L. REIGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-0022-RLY-MJD |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ADOPTING IN PART AND REJECTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Sabrina Reiger, appeals the Administrative Law Judge's decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636, the court referred the matter to Magistrate Judge Dinsmore, who submitted a Report and Recommendation on June 17, 2014. (Filing No. 26). The Magistrate Judge recommended that the court reverse the Commissioner's determination and remand to the Administrative Law Judge ("ALJ") for further proceedings. The Commissioner now objects to the Report and Recommendation. (Filing No. 27). For the reasons set forth below, the court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation.

**I.     Background**

Reiger applied for SSI on October 21, 2009, and DIB on December 11, 2009. The Commissioner denied both applications initially and upon reconsideration. An ALJ held a hearing on the applications and, on January 13, 2012, determined that Reiger is not disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act ("the Act"), as amended, 42 U.S.C. §§ 416(i), 423(d), or 1382c(a)(3)(A), respectively.

On appeal, Reiger raises four arguments: (1) substantial evidence does not support the ALJ's finding that Reiger's impairments, or combination thereof, did not meet or medically equal the severity of an impairment listed in the social security regulations; (2) the ALJ erred by failing to obtain an updated medical opinion regarding whether Reigers's impairments met or medically equaled a listing; (3) the ALJ's credibility determination ran contrary to Social Security Ruling 96-7p, rendering it patently wrong; and (4) substantial evidence does not support the ALJ's determination that Reiger can perform past relevant work. The first two arguments challenge the ALJ's step three determination; the latter two arguments challenge the step four determination.

The Magistrate Judge made two principal findings. First, he found that the ALJ erred because he failed to contemplate the impact of Reiger's depression on her other impairments in determining her residual functioning capacity ("RFC"). Second, he found that the ALJ incorrectly concluded that Reiger can perform past relevant work as a cashier. The Magistrate Judge rejected Reiger's step three arguments. Furthermore, noting a series of derisive remarks in the ALJ's opinion, the Magistrate Judge also

recommended that the court order the Commissioner to assign Reiger's applications to a different ALJ on remand.

II. **Standard**

When reviewing a magistrate judge's Report and Recommendation, "the district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b). The court reviews *de novo* any part of the magistrate judge's disposition to which a party has properly objected. *Id.* However, when "no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Thus, the court will review the Commissioner's objections under the substantial evidence standard that applies to the ALJ's decision.

III. **Discussion**

The Commissioner concedes to the Magistrate Judge's finding that the ALJ improperly neglected to consider the impact of Reiger's depression on her other impairments. (Filing No. 27 at 1–2). Accordingly, the court **ADOPTS** that portion of the Report and Recommendation. (Filing No. 26 at 6–7). Reiger did not object to the Magistrate Judge's rejection of her step three arguments; thus the court **ADOPTS** that portion of the Report and Recommendation. (*Id.* at 6).

The Commissioner raises two objections to the Report and Recommendation. First, the Commissioner objects to the Magistrate Judge's finding that substantial evidence did not support the ALJ's step-four determination that Reiger could perform her past work as a cashier. (*Id.* at 2–3). Second, the Commissioner objects to the Magistrate

3

Judge's recommendation that the Commissioner assign Reiger's applications to a different ALJ on remand. (*Id.* at 3–4).

## A. The ALJ's Step-Four Determination

The Magistrate Judge found that the ALJ erred in determining that Reiger can perform her past work as a cashier. (Filing No. 26 at 8). Reiger held past positions as a cashier and a cash account clerk. (R. at 20). Accepting the vocational expert's testimony, the ALJ found that a cash account clerk position, as generally performed in the economy, requires a sedentary exertional level but that Reiger had performed it at the medium level. (R. at 20–21). The vocational expert also testified that a cashier position, as generally performed, requires a light exertional level but that Reiger performed it at the medium level. (R. at 331). Although the ALJ determined that Reiger has the RFC to perform only sedentary work, he nonetheless concluded that she can perform both positions even though the light exertional level for a cashier position exceeds her RFC. (R. at 17, 20–21).

The Commissioner acknowledges the ALJ's error, but argues that the error is harmless because Reiger has the RFC to perform the cash account clerk position as generally performed in the economy—that is, sedentarily. (Filing No. 27 at 2–3). The court concludes that this issue is moot. On remand, the ALJ must incorporate into the RFC analysis Reiger's medically determinable impairment of depression. Therefore, because the ALJ must issue a new step four determination and reevaluate Reiger's ability to perform past relevant work, the court need not adopt this portion of the Report and Recommendation.

### B. Reassignment to a Different ALJ

Finally, the Commissioner objects to the Magistrate Judge's recommendation that the court order the Commissioner to assign Reiger's case to a different ALJ on remand. (Filing No. 27 at 3–4). The Magistrate Judge cites a series of comments the ALJ offered in the course of assessing Reiger's credibility and RFC. (*See* Filing No. 26 at 6–7). Despite finding that Reiger suffers from a medically determinable impairment of depression, the ALJ referred to Reiger's condition as "alleged." (R. at 14, 20). More troubling, the ALJ questioned Reiger's credibility because she appeared "able to shed her apathy sufficiently to pursue social security disability benefits." (R. at 20).

A reviewing court may order the Commissioner to reassign a case to a new ALJ only under extraordinary circumstances. Reviewing courts may order reassignment to a new ALJ only where the first ALJ has demonstrated bias or partiality against the claimant. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996) (applying *Ventura v. Shalala*, 55 F.3d 900, 904–05 (3d Cir. 1995)). In *Sarchet*, the Court of Appeals for the Seventh Circuit declined to order reassignment despite finding that "[t]he tone of the administrative law judge's opinion suggests that she may have an unshakable commitment to the denial of this applicant's claim." 78 F.3d at 309. In *Ventura*, the Court of Appeals for the Third Circuit reassigned the claimant's case only after finding that the ALJ's hearing questions were "coercive and intimidating" and so offensive as to deprive the claimant of a full and fair hearing. 55 F.3d at 903, 904–05.

Although the ALJ's commentary added zero value to his analysis, the court finds that any discernible bias therein does not rise to a degree sufficient to prompt

reassignment.  *See Sarchet*, 78 F.3d at 308–09 (noting that despite that the ALJ described claimant's testimony as "melodramatic" and accused her of having little "interest in employment," such commentary did not raise due process concerns, as in *Ventura*). Moreover, the court notes that Reiger has not made any claim of bias and has not asked the court to order reassignment.  *See Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993) ("[W]e find it significant that Travis did not even request a different ALJ in his motion for remand.").  Therefore, the court **REJECTS** the Magistrate Judge's recommendation to order the Commissioner to assign the matter to a new ALJ on remand.

## IV. Conclusion

For the foregoing reasons, the court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (Filing No. 26). The court **ADOPTS** the Report and Recommendation to the extent it (1) calls for the Commissioner to reevaluate Reiger's RFC and credibility in light of her depression and (2) rejects Reiger's arguments concerning the ALJ's step three determination. The court **REJECTS** the Report and Recommendation as moot to the extent it finds error in the ALJ's determination that Reiger can perform her past relevant work as a cashier. Lastly, the court **REJECTS** the Report and Recommendation to the extent it orders the Commissioner to assign the matter to a different ALJ.

**SO ORDERED** this 30th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.